Mr. Thomas Patrick Rice, on behalf of the Respondents' Athletes, Mr. Brian G. Dwight. Mr. Rice, I realize that I'm asking for a stretch, as I put it in the brief, as far as the laws are concerned right now. I realize that very well. I'd like to deal with what I think is the easiest of the two main issues initially. There's a conflict between the Liquor Control Act, 235 ILCS 5-6-6-16, where it says no person shall provide alcohol to a person under 21. And then 740 ILCS 58-1, it says a person 18 or older who gives alcohol to a person 18 or younger is liable civilly. So this can be read, and the way that the defendant is using this is that someone's between the ages of 18 and 21, they don't have a civil action. And that's not the purpose behind this. The purpose behind the 740 section is to deter actions such as this. Whereas that's not what it's being used for. It's being used as a sword. Anyone under, for example, a perfect example is my client who died when she was barely, had just turned 18. And they're using that to say she does not have a cause of action. And in their brief opposing our position, they said that 740 is a civil matter, 235 is a criminal matter. Well, that's kind of a ludicrous argument, because as we all know, under the IPI Civil Instructions 60.01, you use criminal statutes as evidence of, and a breaching of a criminal statute as evidence of negligence. For example, in an auto case, you can see under 60.01, there was a statute before Sustainable at the time of this occurrence. Does it make any difference whether it's malum prohibitum or malum per se? I didn't hear you, Your Honor. Does it make any difference? Is this thing on? Yes, it is. Okay, thank you. Does it make any difference as between whether it's malum per se or malum prohibitum? I do not know, frankly. Would you say that the consumption of alcohol is not malum per se? What do you mean by malum per se? Malum per se relates to the idea that if you hit somebody over the head, you may cause some either lethal or personal injury. Going through a stop sign isn't malum per se, because going through a stop sign doesn't necessarily cause personal injury. It's when you hit somebody that injury is caused. So when you say malum prohibitum, it means that as a matter of the exercise of the police power, that the legislature has decided that as a matter of public policy, they're going to prohibit, sanction, whatever, this action for reasons that aren't inherently bad or injurious to someone's welfare. I don't know how there can be a distinction in this regard, because you're basically taking away a civil action from someone between the ages of 18 and 21. I do understand what you're saying now, but at the same time, I don't think, I think that's a direct, the two statutes are in direct conflict as far as what they allow in a civil matter. I don't think that can be done. My example would be, if you read them together, you can argue vagueness, you can argue that my position, you can argue their position, but they don't go together. It's apples and oranges. They don't go together. It's not for itself. I mean, you can't put the two together. They don't jive. You're basically prohibiting this gap between someone who's 18 and 21 from bringing a civil action, which I do not believe should be done. And it was not intended to be in that regard. And that's, in essence, the summary of that part of the argument. I want to get to the social host liability, though. What bothers me beyond the issue of social host liability, which I don't agree as far as lack of liability, what bothers me is you can have a duty, a breach of duty, approximate cause and damages. And I can bring a claim for anyone who is injured, as I understand the law and I have done before, whether they have been provided heroin, opium, cocaine, anything someone, an elderly parent provided it to. But you can't bring a claim because someone who's older, over 21, gave minors alcohol. I very well have depressed that. So you read the briefs. I acknowledge that mainly the two Supreme Court cases that they're going to. I acknowledge that. But why can't there and why isn't there an issue regarding approximate cause? Why can't there be a claim being brought, common law-wise and common sense-wise, and let the trial court decide approximate cause exists? We do it in every other case. The trial court sits there on motions for summary judgment. Now, I realize this is a motion to dismiss, right, just to throw it out. But why can't the trial court, though, sit there and hear all the evidence, what discovery is done, and decide if there's approximate cause? Make an approximate cause exception to social host liability. I've never seen that argued in any of the courts, anybody's ruled on that. It makes common sense to me in that regard. But I guess the problem that I'm having just generally with the argument is I understand the emotion of it, I understand the purpose of it, but I'm not the legislature, nor am I the policymaking court in this state. So how can I – I'm not supposed to be the policymaking court in this state. So how can I do this? Common law dictates all the other cases. But where is it – where does the common law say it's against the law to give minors – I mean, minors alcohol. We do it in lots of states. Go to Wisconsin and take your kids to a bar. If you've been out hunting for the day, you can give a 5-year-old a beer. That's right, and I agree with that. Which is crazy, but you can do it. Totally agree. But is there any specific law on the books that says you can't – because I use examples I don't think were far-fetched – to allow a minor not to go into a lake where you know there's alligators or to give a 12-year-old a gun. I'm not aware of any – as far as the common law is concerned, the development of common law, and I'm not avoiding the question, but there are common law claims made in negligence every day, professional liability and so forth, right? Well, there's no statute. I mean, that's the common law, and that's what – frankly, what I do. Personal injury matters. But there's not necessarily a statute. There may not be a statute, but there may be a position taken in the restatement that's been adopted or the court has already spoken on the issue. And again, I'm not – well, we're not that court that's supposed to speak on those issues. Well, I beg to differ. I think the court carves exceptions as far as the common law is concerned and says whether there is a right to proceed on an issue. It's done it for time immemorial to me. I mean, that's – the judicial nature is to determine the law. And you can sit there – not you, Your Honor, but someone can sit there and say, well, there's no specific law. Well, common law has developed over time to create rights and process of action. That goes back to cross your own torch. I mean, that's – and battery and so forth. You said that we determined the law. Did you not? I did. Are we supposed to first apply it? Because if the law has already been determined and based upon legal precedent wherein the facts are the same or substantially the same, we aren't supposed to determine anything other than apply the law to the facts and follow the law. I could accept your argument that this was the Illinois Supreme Court or the U.S. Supreme Court, but we don't – our first priority is not to determine the law, it's to follow it. I agree to a certain extent, but in some manner I don't.  The law on using reconstruction experts in accidents, on legal accidents, was fairly well set until I appeared in front of this Court and this panel and Your Honor wrote an opinion in Delnick v. Upward Marine, which developed a new law as far as experts, and you were affirmed by the Supreme Court. I must have done something wrong. Well, the Supreme Court said you did it right. So that is something where the Bell Court carved an exception which became the law of Illinois. Now, I don't see a difference here. I truly don't because of just its alcohol. We treat alcohol differently versus drugs or guns as far as injuries. That's what this does. And I don't see in a motion to dismiss how the argument that – not the argument, the statement in the complaint says that these people provided alcohol, the defendants provided alcohol and left the house with these children there, children under 21, left the house with all the alcohol, knew they were going to drink. The girl subsequently is in a car and is killed. And we're saying that one law says because she's between 18 and 21, she can't bring the inaction statute, which conflicts with another one. And then we're saying common law, we can't get to a cause. We can't get to a point, which I cite in all the cases and have always said, it would need to be a cause, not the cause, just a cause. And you have a right to cross-section everybody. Just because it's alcohol, and I can do it in any other situation, any other dangerous propensity, any other dangerous instrument, I can bring cross-section, but not because of this. I think it deserves the Court's attention to try and carve a proximate cause exception that way. Because it's – if you did that, you're being consistent with every law, every common law in the United States' history. How do we overlook the prior Supreme Court cases? It seems to me you're disfavoring your position. I think you carve an exception. I think – no. I don't think they address this. I don't think they address the argument I'm making. Did they support social host and non-lab-related? Yes, they did. I freely admit that. I'm asking you for a leave. I've said that. But I'm giving you a reason and a way to do it, which I have not seen in these cases. I have not seen that addressed. Am I to understand, then, that what your argument is, is that the Supreme Court never addressed what you are raising now, and it is your position that had this argument been raised, their decision would have been different. I think it should have been different, one or two. And one, they did not address it in anything I see. In the two Supreme Court cases the defense is relying upon, I've never seen the sparks of a cause argument made. Not just those two, but all the ones before that that led to those two. I have not seen that addressed, which I think allows you to make the exception. Because there's nothing on point in that regard. Nothing. Well, I will at least concede that if the law ever changes and if the law moves off of zero degrees north, it usually is because of some intervening factor or factors that have come about, either through the evolutionary process of the culture or through legislative or judicial case law. So to the extent that your argument is that the Supreme Court was never presented with this argument and therefore you cannot cite those cases to irrevocably presume that that's what the holding would be, I accept your argument. The only problem is that there are other factors other than the mere fact that they didn't address a particular argument. And I read those factors in the opinions. I read those as far as there could be an onslaught of filings and all the other issues that were given that Justice McMurrow addressed in her dissent that I relied upon in my brief. Justice McMurrow's dissent is everyone's argument as far as social liability is cited every time. I know that. I'm aware of that. But what I haven't seen is using that dissent to support the proposition approximate cause becomes the reason why you go forward. It's an issue of fact in any case as far as a personal interest. But it's just still, and I don't mean to dwell ridiculously on the point, but just because it's alcohol you can't bring a cause of action and I realize as far as starting a thesis in the Supreme Court. With any other drug or any other situation, I can do it. It makes absolutely no sense in the modern day. I have nothing further to say. What is the issue of willfully? What is willfully? How do we define willfully in this situation? I think you can define it the way it is in the IPI. Conscious disregard for the safety of another person or indifference. Can that be having a bar in the basement and letting the kids go down to the basement and you're upstairs? Or do you have to be downstairs in the basement while they're raiding the bar? That's been one of the problems that has been raised in some of these statutory, or in some of these cases. The parents didn't know. Well, should they have known? I guess it's do you know your children? But how do we define that if we're going to be working with this particular premise of yours? I think the definition of willfully stands as it is to answer your question, number one. But number two, this would be one of thousands of cases. I've been even thinking of fall-down cases where this court and other courts have said you handle things on a case-by-case basis. And that's, I know that's, I'm not saying that's a cop-out, but we read those cases every day and say it's handled case-by-case. When people fall, you're saying you give drugs, you give other things to kids, you know, there's liability. This is a big issue, as one of my friends would say from the Supreme Court. This is a big issue. And so we have to be more careful because it is such a big issue. I agree. First of all, the issue is obviously bigger than me and bigger than anything else. I certainly agree with you. This is the first time I've ever seen this addressed in appellate court in the state of Illinois. As far as what I'm raising, I agree with that. But as far as what happens in your example, if the parents don't know that the bar is locked up and kids break in or do things, I mean, it's a case-by-case. Versus the parents know that there's 18-year-olds there and they know and they let them and they let them drink. I'm sorry, but it is case-by-case. And that's up to the trial judge to say some rejectments granted or not granted as far as discovery comes in. Every fact in every case is different. That would be the same as this, whether it be cocaine or anything else. I use drugs, but it could be a gun, anything, whether it was left. I'm sorry. I don't mean to delay your questions. No, no. Thank you. Absolutely. Thank you. May it please the Court. You heard Plaintiff's counsel's argument regarding approximate cause and the defendant's position is that issue has already been established and ruled upon by the Supreme Court. And the holdings that it passed down are the Charles v. Siegfried 165L2D482 and the Wakulik v. Meraz 203L2D22. And that is that there is no social host liability in Illinois for the simply supplying of alcohol. The Siegfried and, excuse me, the Charles and Wakulik matter are similar to this case. The only difference is they did not have the Drug or Alcohol Impaired Act, Minor Responsibility Act, in effect at that time. Even if you assume counsel's argument is correct that the Liquor Control Act and the Minor Responsibility Act are in conflict, even if you take out that Minor Responsibility Act, you still would come to the same determination in this case that the Supreme Court did in Charles and Wakulik, which is, again, there is no social host liability. That social host liability and the alcohol-related civil liability has been preempted by the legislature. The legislature in this case is in the best position, is saving in those two cases to be able to process the raw data, whether it's from a public company, private company, as well as assess society's norms and the environment to determine what is the more appropriate course of action in addressing the alcohol-related civil liability field. And in that case, again, they have not instituted any type of act or law to create civil liability against the defendants in this case. Do you see a conflict between the Dram Shop Act and the act that you just referenced relative to host liability? No. I understand that there might be a conflict, but even the Dram Shop does not create the social host liability against a homeowner for civil liability. No, but it seems to me that the Dram Shop Act can only be, one can only be liable under it if there's some proximate cause, i.e., the providing of alcohol and subsequent to that, some injury was caused. I'm not talking about public policy differences between the Dram Shop Act, which wants to impose liability, and the strangely or unusually named Host Liability Act, but when it comes to proximate cause, it would seem to me that there's a conflict or a contradiction vis-a-vis the Dram Shop Act and its concept of proximate cause and this act and its concept of non-proximate cause or at least the Supreme Court's decision relative thereto. I understand, and I think in the Dram, you have to look at the distinction. I think in the Dram Shop, you look at a tavern, you look at the barkeeps, and they're in the better position to determine whether or not a person's intoxicated. They have that expertise when compared to a simple homeowner who is furnishing alcohol or furnishing a place to drink. I think the courts in Charles and Goulet felt that the proximate cause was not the supplying of the alcohol and the social host liability. It was the consumption of the intoxicating liquor. Now, I know plaintiff talks about Justice Morrow's dissenting opinion of you don't send a 4-year-old to drink or to swim with crocodiles or you don't give a 3-year-old a gun. Well, that's not the case here. We have a young lady who's 18 years old. She's a legal adult in this case. In those comparisons, you have a 3- or 4-year-old who doesn't have the record-set mindset that an 18-year-old would hold. She's of legal age, which is why I think one of the reasons why the legislator had in its knowledge that the Liquor Control Act at that time said 21 years or older, but they knew that that law was in effect, but they still proceeded that it was at least 18 or younger under the Minor Responsibility Act. So what do we do with the 18- to 21-year-olds or 18- to 20- and 11-month-year-olds? What do we do with them? And I apologize for interrupting you. No problem. Again, you apply the Supreme Court's analysis that this is something that the legislature will enact laws to address, and I think they have. And I think they have the ability to address these environmental and societal changes that we see. And I know it's not a law yet, but you can see that in a proposed House bill, which was House Bill 0494, which essentially is changing it, saying, hey, if you're drinking with a parent or a legal guardian and you're not 21, that's allowed. And so the legislature is still in the best position to address all of these changes, to address the environment, the society, and these proximate cause arguments and create laws as they see fit. This is not an issue of cocaine or other illicit drugs. This is alcohol. This is something that the legislature has taken upon itself and was given that power by the Supreme Court in the Charles v. Kulick matter to be the lead to create this civil host or social host liability. And, again, the legislature has declined to enact any type of law that would create social host liability in this case, and the Supreme Court still has declined to create any social host liability in this matter. Did the statute relating to minors over the age of 18 effectively make the law relative to host liability for serving people over the age of 21 the same? Meaning that whether you're 18 or 22, if you're a social host and you're serving alcohol to that person and they get injured, you can be responsible? I'm saying that I was under the impression that once one is an adult, one is responsible for their sobriety. And it would seem, and you can tell me if you opine or agree, that the statute basically enlarged the window of non-liability from all adults to all adults plus anybody between the ages of 18 and a day and adults. I understand your perspective on that. I don't think it's enlarged it because I think that social host liability was always in effect with regards to there is no social host, as again stated in Charles and McCluth. What I think it did was place social host liability for those social hosts that provide alcohol to those under the age of 18. Why do you think there's no social host liability for providing alcohol to adults? I think you look at the threshold age that they've put out there, which is 18, which is when you're considered an adult in this state. And I think the legislature has the ability to look at the record set mindset under the assumption that when you're 18, you're an adult and you should be able to know right versus wrong and you should be able to make a decision for yourself as opposed to when you're a minor and you still have some tie to your guardian or parent. Could it be that adults aren't liable for other adults' intoxication because providing alcohol isn't necessarily male in per se? I agree with that assessment. I know you talk about that at length. What makes serving an adult not inherently bad, but serving a minor is inherently bad? I think you look at the, again, that's something that the legislature would address. My impression would be, the defendant's impression would be, that the minor doesn't have the requisite mental capacity that an adult, I guess, we presume is supposed to have. The ability to say no, they're more impressionable. I think those are some of the assumptions that are made when we give an 18-year-old certain rights or abilities or the ability to live by themselves as opposed to a 17-year-old or a 12-year-old. Well, there does appear to be some difference in the two statutes in that the social host says provided under 18 and cause impairment, where the dram shop liquor control says just providing it to people under 21. And it doesn't talk necessarily about impairment. Is the issue that we think that people under 18 are more easily impaired? I mean, I guess I don't understand the difference why it's in one and not the other, and maybe that's the distinction we need to make. I understand, and again, I think that's a distinction that is better left for the legislature to decide because, again, they are the ones that have the ability to meet with the experts in this industry to look at the raw data to determine is a person under the age of 18 more susceptible or easily impaired when compared to a 20- or 21-year-old or 23-year-old. Again, I think those are all questions that the legislature is in the best position to address and make a decision on and enact laws based upon their review of the data as well as what society and the environment is telling the legislature. In looking at Plaintiff's also in his proximal cause argument, in this case, I know it's a 615 motion as opposed to a summary judgment motion that might be before you, but Plaintiff's counsel did touch upon this, and he talks about a continuous chain reaction to establish the proximal cause. And even in looking at the complaint, there is an issue with that  alcohol that caused her death. It was she goes to my client's house. She allegedly gets intoxicated at the defendant's house. She then leaves in a vehicle, and it's her exiting that vehicle that causes the injuries that subsequently led to her passing. And if you look at Plaintiff's case, he talks about a continuous chain reaction. And the continuous chain reaction, I guess in just reviewing the complaint on its face, is centered when she leaves my client's home and then exits the vehicle while it's moving. It wasn't the alcohol, if you're looking at the complaint, that caused her death. It was the fact that she exited the car while it was moving, and that goes again to the Charles and Wakuluk matters that it's, again, it's the drinking of the alcohol, not the providing of the alcohol, that creates this proximal cause. The plaintiff never alleges that my clients required or forced the plaintiff to consume the alcohol at their house. I know there's case law out there that carves out that proximal cause or that liability exception. That's not the case here. This isn't Quinn. This isn't Haybent. Those facts are not applicable here. Is it your contention that if this person had died from alcohol poisoning that this would be a different case? No, because, again, I think the way the law, factually, yes. But when applying the law, no, I think you come to the same determination that the defendants still would not be held responsible unless they performed some type of voluntary undertaking. Well, my point is, is that if you remember Paul's graph versus the Long Island Railroad, if you serve someone alcohol and you do it to excess, I think it's reasonable to foresee that they may die from alcoholic poisoning. Whether it's reasonable to foresee that they get into a car and die while exiting it at some point in time after they've left the premises is not so necessarily reasonably foreseeable. And so when you said this relates to proximate cause, as a matter of fact, you were referring to the fact that there seems to be some time lapse or some injury that under Paul's graph wouldn't necessarily be reasonable? Correct. Correct. In looking at, even if you eliminate the Drug or Alcohol Impaired Minor Responsibility Act and say it doesn't exist or that it conflicts with the statute, you again come to essentially the same holdings in Charles M. Kulik, which is, again, there's no social health liability. That just would be broader now as it would apply to someone who might be 10 or 12. And, again, that act, I think, doesn't create an adult of 18 and 1 month or 19 or 20 to drink. I think it was enacted by the legislature to address the circumstances of having 10- or 12-year-olds or 13-year-olds being supplied drugs or alcohol, and that's where it created civil liability. The legislature was well aware of the Liquor Control Act and the Legal Drinking Act, and if they wanted to create civil liability for the consumption or the supply of alcohol to someone who was 18 and 1 month, 19 or 20, they would have certainly enacted that. And, again, that's something that the Supreme Court passed down to the legislature. Now, if you'll allow me to conclude, I do believe the case law from the Supreme Court is still on point. I do believe the defendants believe that there's still no alcohol social health liability, and we would just ask that this court affirm the decision entered by the trial court, which grants the motion to dismiss. Thank you for your time. Thank you. Mr. Rice. When you read the two acts, the drug or alcohol impairment minor responsibility, it says any person at least 18 years of age who willfully supplies alcoholic liquor or illegal drugs to a person under 18 and causes impairment, as you say, such person shall be liable for death or injuries, civilly. It doesn't say civilly. I have that. And then the dram shop aspect says no person, after purchasing or otherwise obtaining alcohol, liquor, shall sell or deliver liquor, blah, blah, blah, to anybody under the age of 21. They're using the 18-year-old one as a sword to say that someone between, regardless of how they argue it, between 18 and 21 doesn't have a cause of action. That's number one. You can deem, you can certainly say they're in conflict. What do you want to do? They are. As far as the proximate cause, and I hate to say this, I put a pause graph in my brief, but you're undecided. There are multiple causes in any civil case. That's why you have multiple defendants. That's why it's any cause, not any cause. It's any cause. Whether it was providing alcohol to a minor, providing drugs to a minor, anything like that. If it is a cause of that damage, there's a liability if you can prove that. Now, he said, counsel just said, and I will end with this, that, well, a 7-year-old wouldn't do this, doesn't have the mindset of an 18-year-old. Well, I'm not trying to use the extreme, extreme standard. But what if that person between 18 and 21 is autistic? What if they have mental difficulties? Everyone's entitled to be protected by the court, and just because a number shows up. I understand 21. If you're going to make it universal across the board, fine. But just because somebody's between 18 and 21, what if they don't have the faculties? What if they don't know that drinking is bad? What if they're given the alcohol? Let's face it. We all know in this society, whether it's graduation parties like we have right now going on, or these kids between 18 and 21, are they supposed to know better when they go out and maybe they haven't had a drink before? And maybe parents never gave alcohol to them at home like they've been provided at this place? A cause which has never been addressed in any court, which you have the right to do. Thank you. Thank you. There'll be a short recess. There's another case.